UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSEPH MICHAEL DAVIS,

   Plaintiff,

v.    Case No. 3:21cv1429-LC-HTC

SHERIFF CHIP SIMMONS, et al.,

   Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Joseph Michael Davis, a pretrial detainee at the Escambia County Jail, proceeding *pro se*, initiated this action on October 13, 2021 by filing a civil rights complaint attempting to state a claim under 42 U.S.C. § 1983, ECF Doc. 1, and a motion to proceed *in forma pauperis*. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons set forth below, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Plaintiff failed to accurately disclose his litigation history and also because he is a three-striker, barred from proceeding *in forma*

*pauperis*, who failed to pay the requisite filing fee upon initiating this suit. Thus, the motion to proceed *in forma pauperis* is DENIED.

## I.  PLAINTIFF FAILED TO TRUTHFULLY DISCLOSE HIS LITIGATION HISTORY

Plaintiff filed suit on the Civil Rights Complaint Form for this district. Section VIII of that form specifically asks Plaintiff to disclose certain prior litigation. Subsection A asks Plaintiff whether he "had any case dismissed for a reason listed in § 1915(g) which counts as a 'strike'?"[1] Plaintiff checked the "NO" box, indicating he had no such cases. Similarly, subsection C asks Plaintiff to identify "any other lawsuit in federal court either challenging [his] conviction or otherwise relating to the conditions of [his] confinement." ECF Doc. 1 at 14. Once again, Plaintiff checked the box "no", indicating he has not filed any such suits.

At the end of the complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct**.**" ECF Doc. 1 at 10. Despite that declaration, Plaintiff failed to disclose at least six (6) prior suits, five (5) of which count as a strike. In other words, Plaintiff's answers to questions A and C were false.

---

[1] The introduction to Section VIII instructs Plaintiff about the "three strikes rule" of the Prison Litigation Reform Act ("PLRA") and defines a "strike" under 28 U.S.C. § 1915(g) as including a case or appeal "dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted." ECF Doc. 1 at 12.

Case No. 3:21cv1429-LC-HTC

Plaintiff's name is Joseph Michael Davis. In the instant suit, Plaintiff challenges his arrest on August 18, 2020 for aggravated assault and aggravated battery on a person 65 years or older, as lacking probable cause. ECF Doc. 1. The Escambia County Circuit Court records show that the arrest complained of, which occurred on August 18, 2020, led to case number 2021 CF 3641.[2] The online docket for that criminal case identifies Plaintiff's birthdate as "04/28/1970."

A review of the Florida Department of Corrections ("FDOC") Online Inmate Locator[3] shows Plaintiff has previously been incarcerated with the FDOC and was assigned FDOC inmate number 111426. Based on Plaintiff's name, date of birth, and the above-referenced FDOC inmate number,[4] the undersigned takes judicial notice that Plaintiff has filed the following actions, while a prisoner.

First, while detained at Quincy Correctional Institution, Plaintiff filed *Davis v. Florida Dept. of Law Enforcement*, 4:01-cv-00523-RH, in the Northern District of Florida, which was dismissed on April 8, 2002, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of *in forma pauperis* complaint which "fails to state a claim on which relief may be granted"). *See id.*, ECF Doc. 11.

---

[2] A search for Joseph Michael Davis in Escambia County Circuit Court records available at http://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search show that is birthday is "04/28/1970".

[3] FDOC Offender Information available by executing the following search:
http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=111426&TypeSearch=IR

[4] The undersigned also notes that the signature on these other complaints is similar to the Plaintiff's signature on this complaint.

Second, also, while imprisoned at Quincy CI, Plaintiff filed *Davis v. Crist*, 4:04-cv-00459-RH-WCS, also in the Northern District of Florida, which was dismissed "pursuant to 28 U.S.C. § 1915(e)(2)(B)" on January 5, 2005. *Id.*, ECF Doc. 11. The order of dismissal incorporated a recommendation that the complaint be "dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)." *Id.*, ECF Doc. 8. In that action, Plaintiff sought to challenge his criminal conviction and argued his "criminal state appeal has been intentionally delayed and [he] is presently being denied appropriate appellate representation." *Id.* Thus, this was an action Plaintiff should have disclosed in response to subsection VIII.A. and VIII.C.

Third, Plaintiff filed *National Peoples', et al v. Polk Co. Public Def, et al*, 8:00-cv-00863-JSM, in the Middle District of Florida , which was dismissed on December 14, 2000 for, among other reasons, "failure to state a claim under 42 U.S.C. § 1983." *Id.*, ECF Doc. 19. In that case, Plaintiff alleged he was the President of the National People's Democratic Uhuru Movement of Lakeland and that he was improperly arrested. *Id.* at ECF Doc. 14. He also alleged the defendants were deliberately indifferent to Uhuru members. *Id.* Thus, this is a second action which should have been disclosed in subsection VIII.A and VIII.C.

Fourth, Plaintiff filed *Davis v. Coker Court Reporters et al.*, 8:03-cv-01885-JSM, in the Middle District of Florida, "which was dismissed without service on the

Defendants pursuant to § 1915(e)92)(B)(ii) for failure to state a claim on which relief can be granted." *Id.*, ECF Doc. 9.  In that action, Plaintiff sought to sue defendant court reporter for failing to provide an accurate transcript of state criminal court proceedings, thus depriving him of a "meaningful and accurate appellate review". *Id.;* ECF Doc. 1.  Plaintiff appealed the district court's judgment and the Eleventh Circuit dismissed the appeal as "frivolous" and barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *Id.*, ECF Doc. 20.  Plaintiff should have, and did not, disclose both of these cases in response to subsection VIII.A. or VIII.C.

      Finally, Plaintiff filed a § 2254 petition (*Davis v. Secretary*, 8:03-cv-02408-SDM-E_J) in the Middle District of Florida, which was dismissed because his state appeals were still pending.  Plaintiff should have disclosed this case under VIII.C because it challenged a conviction, but he did not.

      As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.  The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court.  If the Court cannot rely on the

statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. As noted above, Plaintiff was instructed as to what constituted a strike, and Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. That is, the complaint form expressly warns prisoners: "**Failure to disclose all prior cases may result in the dismissal of this case.**" ECF Doc. 1 at 15 (emphasis in original). Moreover, Plaintiff is not a novice litigator and has disclosed his prior litigation on other similar complaint forms. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The Court should not allow Plaintiff's false responses to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case). As one

District Judge in this district has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." ECF Doc. 52, *Rodriguez v. Inch*, 4:19cv191-RH-HTC.

## II.  PLAINTIFF IS A THREE-STRIKER

As an additional and independent basis for dismissal, Plaintiff is barred from proceeding without first paying the filing fee because, as described above, he had accrued *at least* three strikes under § 1915(g) by the time he filed the instant action. Section 1915(g) of the PLRA, the so called "three-strikes" provision, provides as follows:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner[5] who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants

---

[5] Although Plaintiff is a pre-trial detainee, he is subject to § 1915(g) because "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *see Hart v. Judd*, 2021 WL 3371300, at *1 (M.D. Fla. Aug. 3, 2021).

Case No. 3:21cv1429-LC-HTC

dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

The only exception to the 3-strike prohibition is if the prisoner demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). Plaintiff, however, is not under such imminent danger. Instead, the gist of Plaintiff's complaint is that his arrest in a pending state criminal proceeding was without probable cause.[6] These complaints, even if proven, do not show he is in imminent danger of serious physical injury.

Also, Plaintiff's complaints about the conditions of his confinement at the jail[7] are the "type of general assertion . . . insufficient to invoke the exception to

---

[6] As an aside, the undersigned notes that Plaintiff's claims are also foreclosed by the abstention doctrine recognized in *Younger v. Harris*, 401 U.S. 37 (1971). *See Daniels v. Geraldi, 578 F. App'x 811, 811* (11th Cir. 2014)("Federal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings.") (citing *Younger*).

[7] Plaintiff claims to be a "severe diabetic with a weakened immune system" in an overcrowded cell, placing him at "imminent risk of fatal physical harm" made worse by "deteriorating older jail facility that is logically unfit for human habitat due to plagueness [sic] of mold, mildew, present rapid outbreaks of coronavirus/variant diseases" and "other unforeseen tragedious [sic] disasters." ECF Doc. 1 at 9.

Case No. 3:21cv1429-LC-HTC

§ 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). That is, general allegations, which are not grounded in specific facts indicating that serious physical injury is imminent, are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that a plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury ...."); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat ... is real and proximate.").

Because Plaintiff is not entitled to proceed *in forma pauperis*, the motion is DENIED. Also, because Plaintiff did not remit the filing fee when he initiated this action, his case should be dismissed. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Accordingly, it is ORDERED that:

Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 2, is DENIED.

It is further respectfully RECOMMENDED that:

1.      This case be DISMISSED WITHOUT PREJUDICE as frivolous, malicious or an abuse of the judicial process for Plaintiff's failure to disclose his complete litigation history *and* under 28 U.S.C. § 1915(g) because Plaintiff is a 3-striker who failed to prepay the filing fee.

2.      The clerk be directed to close this file.

At Pensacola, Florida, this 19th day of October, 2021.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21cv1429-LC-HTC